IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CRIMINAL NO. 09-40069-GPM-06 |
| | ) |
| | ) |
| **KAI A. REEVES,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Represented by the Office of the Federal Public Defender, Mr. Reeves moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), the Fair Sentencing Act of 2010, and in light of *Dorsey v. United States,* 132 S.Ct. 2321 (2012) (Doc. 739).  When he was sentenced, the Court adopted the findings of the presentence investigation report, which found Mr. Reeves's relevant conduct to be 793 grams of crack cocaine and 100 grams of heroin, equaling 2,931.8 kilograms of marijuana equivalents (Doc. 555).  The Court found a base offense level of 32, a total offense level of 29 and a criminal history category of II, with a resulting guideline range of 97 to 121 months (Doc. 576).  The sentence Mr. Reeves received however, was based on the statutory mandatory minimum—ten years.  Seven hundred-ninety-three grams of crack cocaine yields the same guideline range now as it did when Mr. Reeves was sentenced.  § U.S.S.G. 2D1.1.  His guideline range has, therefore, not changed.  Neither has the mandatory statutory range—he was charged with conspiracy to distribute 50 grams or more of crack cocaine and found to have

conspired to distribute 793 grams of crack cocaine (Docs. 196, 555).  Seven hundred-ninety-three grams of crack well exceeds the 280 grams which sets the statutory minimum penalty of 10 years. 21 U.S.C. 841(b)(1)(A)(iii).  Defendant is not eligible for reduction of his sentence.  *See United States v. Taylor,* 627 F.3d 674, 676 (7th Cir. 2010) ("Relief under the statute [18 U.S.C. § 3582(c)(2)] is not available when a retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" *citing* United States Sentencing Guideline § 1B1.10(a)(2)(B)); *United States v. Forman,* 553 F.3d 585, 588 (7th Cir. 2009) ("Nothing in § 3582(c) permits a court to reduce a sentence below the mandatory minimum").  Defendant's motion is **DENIED.**

    **IT IS SO ORDERED.**

    DATED:   October 9, 2013

    s/ *G. Patrick Murphy*
    G. PATRICK MURPHY
    United States District Judge